UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOAN V. HOMER,

    Plaintiff,

v.                               CASE No. 8:04-CV-1546-T-TGW

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____

O R D E R

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[*] Because the decision of the Commissioner of Social Security fails properly to evaluate the plaintiff's subjective complaints, it will be reversed, and the matter will be remanded for further consideration.

I.

The plaintiff, who was fifty-six years old at the time she was last insured for disability benefits and who has a high school education, has

---

[*] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 10).

worked primarily as a secretary (Tr. 264). She filed a claim for Social Security disability benefits, alleging that she became disabled due to "lupus, fibromyalgia, chronic back pain, thyroid, migraines, depression & arthritis" (Tr. 55). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a <u>de novo</u> hearing before an administrative law judge. The law judge found that the plaintiff last met the insured status for disability benefits on December 31, 1999. He concluded that, up to that point, the plaintiff had severe impairments of hypothyroidism, menopausal syndrome and a history of lumbar sprain/strain (Tr. 17). The law judge determined that these impairments permitted the plaintiff to perform at least sedentary work (Tr. 18). Accordingly, the law judge decided that the plaintiff could return to past work as a clerk and therefore was not disabled (Tr. 17). The Appeals Council let the decision of the law judge stand as the final decision of the defendant.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less

than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A). In this case, also, the plaintiff must show that she became disabled before her insured status expired on December 31, 1999, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it

than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A). In this case, also, the plaintiff must show that she became disabled before her insured status expired on December 31, 1999, in order to receive disability benefits. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it

is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff unquestionably suffers presently from a combination of serious illnesses. However, most of them were diagnosed after the plaintiff's insured status expired on December 31, 1999. There is, at best, only meager evidence indicating a disabling condition on, or before, that date.

It is not my role, of course, to decide whether the plaintiff was disabled by December 31, 1999. My responsibility, as indicated, is limited

to determining whether the law judge's decision is supported by substantial evidence and whether it was reached by the application of the proper legal principles. In this case, the plaintiff has demonstrated that, despite the weakness of her evidence, a remand is warranted because the law judge failed to follow the standards established by the Eleventh Circuit for considering a plaintiff's subjective complaints.

The Eleventh Circuit articulated a number of years ago a standard for assessing allegations of pain and other subjective complaints. As the court of appeals explained in Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge determines that, under this test, the objectively determined medical condition does not, and could not reasonably, support the subjective complaints, then the subjective complaints cannot be the basis for a finding of disability and the law judge need not assess the credibility of those complaints. Id. at 1554; Hand v. Heckler, 761 F.2d 1545 (11th Cir. 1985).

He must, however, provide an adequate explanation for the determination in order to permit, upon judicial review, an assessment whether the proper standard was applied and whether the finding is supported by substantial evidence. See, e.g., Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1987); Johns v. Bowen, 821 F.2d 551, 556-57 (11th Cir. 1987).

If, on the other hand, the law judge determines that there is objective medical evidence of an impairment which could reasonably be expected to produce the subjective complaints, the law judge "must evaluate the credibility of claimant's testimony as to pain [or other complaint], and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, supra, 761 F.2d at 1549 n.6. In other words, this credibility finding must be explained. Cannon v. Bowen, 858 F.2d 1541, 1545 (11th Cir. 1988); Walker v. Bowen, supra, 826 F.2d at 1004.

The law judge clearly failed to follow these requirements. Before discussing that failure, however, it is important to point out that the law judge committed another fundamental error with respect to the plaintiff's subjective complaints.

The law judge stated that "[t]he claimant's testimony concerning the period in question also does not reflect significant functional

limitations that would have prevented at least sedentary work functions" (Tr. 17). If this were true, there would be no need for the law judge to evaluate the credibility of the plaintiff's testimony. In other words, if the plaintiff did not testify to functional limitations that would impair her ability to perform sedentary work, it would be unnecessary for the law judge to discount the plaintiff's testimony in order to conclude that she could perform sedentary work.

In fact, however, the plaintiff testified that, during the period in question, she was limited to standing for fifteen minutes, sitting for twenty minutes and walking maybe about two blocks (Tr. 269-70). The plaintiff's testimony that she could only sit for twenty minutes at a time would plainly seem to constitute a significant functional limitation on the plaintiff's ability to perform sedentary work. If the law judge thought otherwise, he needed to provide a cogent explanation for his conclusion. In short, the law judge either misperceived the plaintiff's testimony regarding her ability to sit or he discounted it without explaining why.

Furthermore, the law judge, as indicated, did not comply with the Eleventh Circuit's pain standard. Thus, he did not state whether he found that the plaintiff's condition was of such a severity that it could

reasonably be expected to give rise to the alleged complaints. Arguably, the law judge could have found, in light of the limited evidence, that the plaintiff's condition could not reasonably have given rise to the alleged complaints. But if that is what he thought, he was required to explain that conclusion, and no such explanation was given.

It is more likely that the law judge at least assumed that the plaintiff's condition could give rise to the alleged complaints since in his findings he stated that "[t]he claimant's testimony was not fully persuasive regarding her symptomatology and resulting limitations during the period in question" (Tr. 18). There are two problems with this conclusory statement. In the first place, the law judge failed to indicate the extent to which the testimony was persuasive.

More significantly, the law judge failed to provide any explanation for discounting the plaintiff's testimony. If the law judge decides not to credit a claimant's testimony concerning her subjective complaints, "he must articulate explicit and adequate reasons for doing so." Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995). No such reasons were provided here. The failure to provide "explicit and adequate" reasons

for discounting the plaintiff's testimony warrants a remand.  See, e.g., Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991).

The plaintiff also challenges the law judge's decision on the ground that the law judge did not consider the plaintiff's impairments of headaches and arthritis.  In view of the meager evidence of those conditions on, or before, December 31, 1999, and the lack of any testimony by the plaintiff that those impairments provided significant functional limitations prior to that date, it is doubtful whether this contention would have warranted a remand.  Nevertheless, since there is a remand, the Commissioner would be well advised to address those problems and eliminate any subsequent contention about them.

Finally, it is noted that the law judge did not comply with Social Security Ruling 96-8p, 1996 WL 374184 (S.S.A.), which directs that, in making an assessment of residual functional capacity, the law judge must make a function-by-function evaluation of a claimant's abilities before expressing the residual functional capacity in terms of an exertional level of work, such as sedentary work.  Here, the law judge simply found the plaintiff could perform sedentary work without performing a function-by-function assessment.  Because a contention based upon a failure to comply

with Social Security Ruling 96-8p is now in vogue in this area, the directives of that ruling should be followed on remand in order to eliminate any such contention in the future.

IV.

For the foregoing reasons, the decision of the Commissioner is deficient in evaluating the plaintiff's subjective complaints. Therefore, the Commissioner's decision is hereby REVERSED, and the matter REMANDED for further consideration. The Clerk shall enter judgment in accordance with this Order.

DONE and ORDERED at Tampa, Florida, this <u>28th</u> day of June, 2005.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE