UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOAN HOMER,                             :
                                        :
      Plaintiff,                        :
                                        :
v.                                      : CASE No. 8:04-CV-1546-T-TGW
                                        :
JO ANNE BARNHART,                       :
Commissioner of Social Security,        :
                                        :
      Defendant.                        :
_____       :

O R D E R

This cause came on for consideration upon the plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 17) filed by counsel for the plaintiff on August 9, 2005. Having considered the application, the defendant's lack of opposition, and the pertinent factors regarding an award of an attorney's fee under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $2,964.47 in fees to be paid by the defendant.

The applicant represented the plaintiff in this action seeking review of a denial of social security disability benefits. This matter was reversed and remanded to the Social Security Administration by order of this court dated June

28, 2005 (Doc. 15). Judgment was therefore entered in favor of the plaintiff (Doc. 16). The plaintiff then filed this application for an attorney's fee under the EAJA.

The EAJA requires a court to award an attorney's fee to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of an attorney's fee in the amount of $2,964.47, representing 17.7 hours of service before the court in 2004 at an hourly rate of $151.62 and 1.8 hours of service before the court in 2005 at a rate of $156.00 (Doc. 17). Plaintiff's counsel represents that she "has conferred with opposing counsel[,] who does not object" to the requested relief (id. at p. 1 ).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Consequently, the plaintiff is entitled to an award of an attorney's fee.

The claim of 19.5 hours for services performed in this case appears reasonable. Importantly, the defendant does not object to this claim (see Doc. 17, p. 1).

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $151.62 per hour for work performed in 2004, and to $156.00 per hour for work performed in 2005. In light of the defendant's lack of opposition, it is not necessary to reach the question of whether, if contested, the requested cost of living adjustment is warranted. Similar cost of living adjustments have been made on fee applications where the Commissioner has raised no objection.

For the foregoing reasons, the plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 17) is hereby **GRANTED.** The plaintiff is hereby awarded the amount of **$2,964.47** in an attorney's fee.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this 19th day of August, 2005.

/s/ Thomas G. Wilson
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE